## IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

| | |
|---|---|
| **TOTAL QUALITY LOGISTICS, LLC,**<br>4289 Ivy Pointe Boulevard<br>Cincinnati, OH 45245<br><br>       **Plaintiff,**<br><br>    **v.**<br><br>**PBJ EXPRESS, INC.,**<br>c/o Patrick Brown, Registered Agent<br>3090 Hickory Hill Way<br>Loma Linda, MO 64804<br><br><br>      **Defendant.** | Case No.: 2022CVH 989<br><br>Judge BROCK<br><br><br><br>**COMPLAINT** |

For its Complaint against Defendant PBJ Express, Inc., ("PBJ"), Plaintiff Total Quality Logistics, LLC ("TQL") states as follows:

### Introduction

1.    This case arises from PBJ's tortious interference with a contract between TQL and Jacob Patterson ("Patterson"), a former TQL employee whose ownership in, employment by, or association with PBJ violated the terms of such contract, of which PBJ was specifically aware.

### Parties, Jurisdiction, and Venue

2.    TQL is an Ohio limited liability company with its principal place of business located in Clermont County, Ohio. TQL provides freight brokerage and third-party logistics services to customers across the continental United States.

1

3. PBJ is a Missouri corporation with its principal place of business in Joplin, Missouri.

4. Jurisdiction and venue are appropriate because all improper acts and conduct occurred in and were purposely directed against an Ohio company located in Clermont County.

## FACTS

**A.** **The Nature of TQL's Business and the Logistics Industry**

5. TQL is a national leader in the logistics industry, providing shipping services, third-party logistics services, freight brokerage services, truck brokerage services, and assistance with supply-chain management across the continental United States.

6. TQL's customers consist of companies that want to ship goods from one location to another. These customers include companies that need to ship their own goods, and also other freight brokers that have already agreed to ship goods on behalf of another customer, but need assistance in finding a carrier to fulfill the shipment.

7. TQL engages and coordinates independent motor carriers that are able and willing to haul freight at the times and places required by TQL's customers.

8. The third-party logistics industry (and the freight-shipping industry at large) is extremely competitive. Among other things, relationships with customers, carriers, and other brokers are essential to sustained success within the industry. TQL spends a great deal of time, money, and other resources developing relationships with new customers and motor carriers and strengthening relationships with existing ones.

9. PBJ was considered a primary carrier with TQL, meaning TQL used PBJ extensively to serve as a motor carrier to fulfill TQL's customers' transportation needs.

10.     Relevant to this case, two factors are critical to TQL's financial success in the marketplace: (a) retaining relationships with its customers so that they continue to utilize TQL's broker services to arrange transportation of their freight; and (b) effectively negotiating the rates that it pays motor carriers.

11.     Both require TQL's brokers to utilize the training and resources, and access to proprietary systems, processes, and procedures, that TQL provides them. TQL has made substantial investments to develop and protect the secrecy of such tools, which it uses to manage its operations and to succeed in this hyper-competitive industry.

12.     Further, TQL protects its trade secrets and confidential information by conditioning employee access upon use of constantly changing passwords and requiring all employees to sign agreements that include confidentiality and restrictive covenant provisions. Likewise, TQL's systems implement internal controls that prevent employees from downloading or printing certain information.

**B.     Patterson's Employment with TQL**

13.     Patterson worked at TQL from August 13, 2007 until April 19, 2021.

14.     Before commencing employment with TQL, Patterson was required to sign, and did sign, an Employee Non-Compete, Confidentiality, and Non-Solicitation Agreement (the "Contract"), a true and accurate copy of which is attached hereto as Exhibit A and is incorporated herein by reference.

15.     In Paragraph 8(b)(i) of the Contract, Patterson agreed that during his employment and for a period of one year after his employment, he would not, "directly or indirectly, own, operate, maintain, consult with, be employed by (including self-employment), engage in, or have any other interest (whether as an owner, shareholder, officer, director, partner, member, employee,

3

joint venturer, beneficiary, independent contractor, agent, or any other interest), in any Competing

Business." A "Competing Business" was defined as "any person, firm, corporation, or entity that

is engaged in shipping, third party logistics, freight brokerage, truck brokerage, or supply chain

management services in the Continental United States."

16.     In Paragraph 8(b)(iv) of the Contract, Patterson agreed that during his employment

and for a period of one year after his employment, he would not, "directly or indirectly, interfere

with, tamper with, disrupt, or attempt to disrupt any contractual or other relationship, or

prospective relationship, between TQL and any Customer, Motor Carrier, client, consultant,

supplier, vendor, lessee, or lessor of TQL."

17.     Patterson further agreed, in Paragraph 8(c) of the Contract, that he would not

disclose or make use of any confidential information for his own benefit or the benefit of anyone

else aside from TQL.  "Confidential Information" is defined to include, among other things, TQL's

financial history with, information about, and manner and mode of doing business with, motor

carriers; pricing, marketing, and sales lists and strategies; trade secrets; customer contact

information; and TQL's data, processes, and procedures.  The Contract also specified that TQL's

information about motor carriers and customers was of significant economic value and was not

commonly known in the industry.  Confidential Information was not to be published, disclosed, or

used for any purpose except the fulfillment of Patterson's employment duties with TQL.

18.     While at TQL, Patterson held the progressively important positions of Logistics

Account Executive Trainee, Logistics Account Executive, Sales Group Leader, Sales Team

Leader, Sales Team Leader Mentor, Senior Logistics Account Executive, and Enterprise Senior

Logistics Account Executive.

4

19.     TQL provided Patterson, who had no prior experience in the industry, with extensive training on all aspects of TQL's business, including locating, negotiating with, and information regarding the motor carriers used by TQL, and pricing strategies for both customers and motor carriers

20.     Patterson was very successful at TQL. He had a significant book of business consisting of companies that used TQL's brokerage services rather than going direct to motor carriers (like PBJ) to obtain transportation services. He was the primary point of contact for the customers he serviced and had access to a plethora of information about them, including a history of the lanes for which these customers typically needed transportation services and the prices that the customers paid to TQL for arranging transportation by load and commodity.

21.     Patterson also had access to the rates TQL offered motor carriers, even broken down by lane, load, and commodity—including for PBJ.

22.     Prior to the end of his employment with TQL, Patterson began negotiating to join PBJ in some capacity. He informed TQL that he had already obtained an ownership interest in PBJ and asked TQL to waive the restrictive covenant in the Contract so that he could also work for PBJ. TQL declined to waive the protections in the Contract, informed Patterson that his ownership interest itself already violated the Contract, and informed him further that employment with PBJ would also violate the Contract.

23.     Patterson thereafter put in his two-week notice, but was terminated that same day when additional information regarding his ownership interest in PBJ came to light.

24.     TQL subsequently discovered that Patterson accessed information about a significant number of loads that TQL brokered to PBJ—including lanes and the negotiated rate

TQL had paid to PBJ, along with the amount paid to TQL by its customers—with which he had no involvement as a TQL broker and no legitimate business need to access.

25. Following the termination of his employment, Patterson accepted employment with PBJ as its Vice President of Operations. In this role, it was inevitable that Patterson would unfairly compete with TQL, and continue to do so, and in doing so utilize confidential information he is under a contractual obligation not to use, publish, or disclose. PBJ Express is aware of Patterson's contractual obligations to TQL and employed and/or affiliated with him, and continues to employ and/or affiliate with him, regardless of such obligations.

## COUNT ONE: TORTIOUS INTERFERENCE WITH CONTRACT

26. TQL restates and realleges the preceding paragraphs of this Complaint by reference.

27. TQL has a contractual relationship with Patterson of which PBJ is and at all times relevant was aware.

28. Despite this knowledge, PBJ knowingly and intentionally interfered with this relationship by employing or affiliating with, and continuing to employ or affiliate with, Patterson, after such knowledge was gained.

29. PBJ has acted without any justifiable excuse.

30. As a proximate cause of PBJ conduct, TQL has suffered damages in an amount to be proven at trial, but believed to exceed the jurisdictional minimum of this Court.

31. Because PBJ's conduct was willful and malicious, TQL is entitled to an award of punitive damages.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, TQL respectfully requests that this Court issue a judgment in TQL's favor and against PBJ as follows:

a) Award compensatory damages in favor of TQL in an amount to be determined at trial in excess of $25,000.00;

b) Award punitive and/or exemplary damages in favor of TQL in an amount to be determined at trial;

c) Award attorney's fees, costs and expenses as provided in the Contract or as otherwise provided by law;

d) Court costs, prejudgment interest, and post-judgment interest; and

e) Any other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Matthew J. Wiles*
Matthew J. Wiles (0075455)
WILES LAW, LLC
4737 Reed Road #326
Upper Arlington, Ohio 43220
Phone: (614) 300-5277
Email: matt@wiles-law.com

***Attorney for Plaintiff Total Quality
Logistics, LLC***





**COMMON PLEAS COURT-GENERAL DIVISION**
Clermont County, Ohio

**Barbara Wiedenbein**
Clerk of Courts

**CLASSIFICATION FORM**-Per: Sup. R.s 5, 36 and SRF Form A

This form must be completed by Plaintiff/Appellant/Applicant/Petitioner and filed with the complaint, appeal, application, or petition in all civil actions and filed with the Clerk.

Total Quality Logistics, LLC, et al.,
Plaintiff

Judge: BROCK
Case # 2022CVH989
(to be completed by the Clerk)

VS

PBJ Express, Inc.,
Defendant

ATTORNEY/Pro Se Party: Matthew J. Wiles, WILES LAW, LLC

SUPREME COURT NO.: 075455

ADDRESS: 4737 Reed Road #326, Upper Arlington, Ohio 43220

TELEPHONE NO.: (614) 300-5277    EMAIL Address: matt@wiles-law.com

## CASE CATEGORY: SRF FORM A

A._____ Professional Tort: ___medical___legal___other/type_____
B._____ Product Liability: general nature_____
C._____ Other Torts: general nature_____
D._____ Workers Compensation
E._____ Foreclosure: ____mortgage____tax____other lien/type_____
F._____ Administrative Appeal: agency, board, department_____
G._____ Complex Litigation Requested Under Sup. R. 42
H__X___ Other Civil: general nature: tortious interference
I_____ Criminal

Jury Demand:                        _____ YES        __X___ NO
Is this case a refiled case?        _____ YES        __X___ NO

If yes: Prior Case No:_____ Prior Assigned Judge_____
**(This information is required by Sup. R. 36(D) and Local R. 1.4 and must be completed)**

## IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

**TOTAL QUALITY LOGISTICS, LLC**
4289 Ivy Pointe Blvd
Cincinnati, Ohio 45245,

      Plaintiff,

vs.

**PBJ EXPRESS, INC.,**
c/o Patrick Brown, Registered Agent
3090 Hickory Hill Way
Loma Linda, MO 64804

      Defendant.

Case No. 2022 CV H 989

Judge BROCK



## PRAECIPE FOR SERVICE

TO THE CLERK:  Please serve Defendant with summons and a copy of this

Complaint by certified mail, at the address listed above.

      Respectfully submitted,

      */s/ Matthew J. Wiles*
      Matthew J. Wiles (075455)
      WILES LAW, LLC
      4737 Reed Road #326
      Upper Arlington, OH 43220
      (614) 300-5277
      matt@wiles-law.com

      *Attorney for Plaintiffs*

1

## COURT OF COMMON PLEAS, CLERMONT COUNTY, OHIO
## SUMMONS

### Rule 4 1970 Ohio Rules of Civil Procedure

CASE NO:  2022 CVH 00989

**Total Quality Logistics LLC**
**4289 Ivy Pointe Boulevard**
**Cincinnati, OH 45245**

**VS.**

**PBJ Express Inc**
**c/o Patrick Brown, Registered Agent**
**3090 Hickory Hill Way**
**Loma Linda, MO  64804**

You are hereby notified that a complaint has been filed against you in the Clermont County Court of Common Pleas, 270 E Main Street, Batavia, Ohio 45103, by the plaintiff(s) named herein.  A copy of said complaint is attached to this summons.

You are required to serve upon the plaintiff's attorney or upon the plaintiff(s) if he/she has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this Court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff's attorney is as follows:

Matthew J Wiles (075455)
4737 Reed Road #326
Upper Arlington, Ohio  43220
(614)300-5277

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

BARBARA WIEDENBEIN, Clerk of Courts
October 18, 2022

By_____Deputy Clerk

**Issued:**
Summons and Copy of Complaint, Certified mail; cv case; return receipt requested
7112436946802830855/9214890112136000000251496

CASE NO:  2022 CVH 00989

## RETURN

Received this summons on the _____ day of _____, 20 ____

at _____o'clock and pursuant to its command, I made personal service

upon the defendant on the _____ day of _____, 20 ___.

I was unable to serve a copy of the summons upon the defendant for the

following reasons:

_____

By:_____

Sheriff / Process Server

**Sheriff's Fees**

Service and return _____

Mileage _____ @ _____

**TOTAL** _____

## IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

| | | |
|---|---|---|
| **TOTAL QUALITY LOGISTICS, LLC,** | : | |
| | : | **Case No.: 2021 CVH 00496** |
| **Plaintiff,** | : | |
| | : | **Judge Miles** |
| **v.** | : | |
| | : | |
| **JACOB MICHAEL PATTERSON,** | : | |
| | : | |
| **Defendant.** | : | |

```
COMMON PLEAS COURT
     FILED

   NOV 1 1 2022

BARBARA A. WIEDENBEIN
        CLERK
CLERMONT COUNTY, OH
```

| | | |
|---|---|---|
| **TOTAL QUALITY LOGISTICS, LLC,** | : | |
| | : | **Case No.: 2022 CVH 00989** |
| **Plaintiff,** | : | |
| | : | **Judge Brock** |
| **v.** | : | |
| | : | |
| **PBJ EXPRESS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF TOTAL QUALITY LOGISTICS, LLC'S MOTION TO CONSOLIDATE

### I.     INTRODUCTION

Pursuant to Civil Rule 42(A), Plaintiff Total Quality Logistics, LLC ("TQL") moves to

consolidate the two above-captioned matters, because the cases involve common—indeed,

identical—questions of fact and law. Both cases arise out of Jacob Patterson's activities after

leaving TQL's employ, and in particular his employment or association with, and work on behalf

of, PBJ Express, Inc. ("PBJ Express"). In the Patterson action, TQL alleges that the same

constitutes a breach of his contract with TQL, including his restrictive covenant, as well as a

1

*CC: Judge*

misappropriation of trade secrets. In the PBJ action, TQL alleges that PBJ Express tortiously interfered with such contract, despite knowledge of its prohibitions.

Both cases present the same two key questions—whether the restrictive covenant is enforceable under the fact-intensive *Raimonde* test, and if so whether Patterson's actions are covered by the scope of the covenant—that will be answered by the same facts, the same documents, and the same witnesses. Left unconsolidated, discovery would be duplicated. Patterson would be subject to party discovery on these topics in the Patterson action, and subject to the same discovery on these topics in the PBJ action as a subpoenaed third-party witness. The same would be true of PBJ Express. The courts would also separately issue legal rulings, both dispositive motions and if necessary at trial, on these same facts regarding the same key questions.

Therefore, TQL respectfully requests that the two cases be consolidated and a trial setting conference be conducted as soon thereafter as is practicable for the Court.

## II.     RELEVANT FACTS

In the Patterson case, TQL asserts breach of contract and trade secret misappropriation claims against Patterson arising out of his employment or association with PBJ Express, Inc. ("PBJ Express"). Central to the case will be the questions of whether the restrictive covenant contained within the contract between TQL and Patterson is enforceable, under the *Raimonde* factors, and if it is enforceable, whether the particular facts here are covered by its scope. Both are fact-intensive inquiries, as the Court in the Patterson action recognized in its disposition of Patterson's motion to dismiss.

On August 25, 2022, TQL moved for leave to amend the Complaint in the Patterson action to add a tortious interference claim against PBJ Express, based on the same facts alleged

2

in the Patterson action. On September 28, 2022, the Court in the Patterson action denied the motion, principally citing the temporal gap between TQL's discovery of the claim against PBJ Express and the filing of the motion, as well as the alleged delay that amendment would cause to the case.

On October 14, 2022, TQL initiated the PBJ Action, alleging that PBJ Express tortiously interfered with its contractual relationship with Patterson, based on the same facts alleged in the Complaint in the Patterson action plus PBJ Express' knowledge of such contractual relationship. The same central questions identified above will also be at issue in the PBJ Action.

## III.    DISCUSSION

Rule 42(A) provides the Court the authority to order consolidation when two separately filed cases "involve a common question of law or fact." Civ. R. 42(A)(1). If two cases do involve a common question of law or fact, the Court has a wide array of options: it can consolidate the cases for trial; consolidate the cases entirely; or it can "issue any other orders to avoid unnecessary cost or delay." Civ. R. 42(A)(1)(a)-(c). In light of these goals, it is no surprise that, "[g]enerally, courts favor consolidation whenever possible." *Buck v. Milano* (9th Dist.), No. 26463, 2014-Ohio-5640, ¶ 7.

There is no dispute that the issue central to both cases is whether TQL's contract with Patterson is enforceable and, even if so, whether Patterson's position and work with PBJ Express falls within the prohibitive language of the restrictive covenant contained within that contract. In the Patterson action, answering that question, which is fact-driven, will (in part) answer the question of whether Patterson breached such contract. In the PBJ action, answering that question will answer the question of whether PBJ Express was "justified" in its interference with such contract. There can be little doubt that the standard for the rule is satisfied.

3

There is also no question that consolidation will avoid the duplication of efforts by the parties and by the respective Courts. Were the cases to proceed separately, TQL would direct discovery efforts in the PBJ action against PBJ Express (as a party) and Patterson (as a subpoenaed third party) for the same information, documents, and testimony that TQL will also seek in the Patterson action from Patterson (as a party) and PBJ Express (as a subpoenaed third party). *See Clemente v. Gardner* (5th Dist.), No. 2002CA00120, 2004-Ohio-2254, ¶ 18 (consolidation affirmed where "[m]any of the same witnesses, documents, and evidence were presented in both cases"). The respective Courts would be required to preside separately over identical disputes related to such discovery, and to separately issue dispositive and non-dispositive legal rulings based on the same facts.

This latter reality, in fact, concerns another key goal of consolidation—the avoidance of inconsistent results. It is expected that both cases will involve summary judgment motions. The facts critical to such separate motions will be the same, and each court will make the legal decision as to whether the facts fulfill the identical standards under which such motions are brought. The same goes for trial. TQL did not request a jury in the Patterson action, nor did Patterson in his Answer. TQL also did not request a jury in the PBJ Action. The respective trials, if summary judgment was unsuccessful, would call upon the respective courts to not only make findings of fact from identical evidence, but to apply identical principles of law to those same facts. *See Buck, supra*, ¶ 8 ("Given the degree to which these cases are intertwined, we conclude that the failure to consolidate them created a significant risk of inconsistent adjudications.").[1]

---

[1] That the two cases will require the same legal rulings on the same facts is an important reason why TQL is not seeking consolidation for discovery purposes only.

4

Patterson has indicated that any motion for consolidation should fail for the same reason that the Court denied the motion for leave to amend. But the standards governing the two motions are different, and the bases upon which the Court denied the motion for leave to amend are not considerations (certainly not dispositive ones) with respect to a motion to consolidate.

Finally, in bringing this Motion, TQL wishes to stress that it does not intend to delay either case. If anything, consolidation will make the cases proceed much more efficiently, particularly given the elimination of any need to issue third-party subpoenas to Patterson or PBJ Express or to conduct the same discovery twice. TQL is amenable to a schedule that proceeds as expeditiously as the Court and parties can reasonably sustain, while providing all sides a fair opportunity to prosecute a claim or mount a defense.

## IV. CONCLUSION

For the foregoing reasons, TQL respectfully requests that the two cases be consolidated for purposes of discovery and trial.

Respectfully Submitted,

*/s/ Matthew J. Wiles*
Matthew J. Wiles (0075455)
WILES LAW, LLC
4737 Reed Road #326
Upper Arlington, Ohio 43215
Telephone: 614-300-5277
E-mail: matt@wiles-law.com

*Counsel for Plaintiff Total Quality Logistics, LLC*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served

this **11th** day of November, 2022 via electronic mail upon:

> Peter A. Patterson, Esq.
> Cooper & Kirk, PLLC
> 1523 New Hampshire Avenue, NW
> Washington, DC 20036
> ppatterson@cooperkirk.com
> *Counsel for Jacob Patterson*
>
> George M. Reul, Jr., Esq.
> Freking Myers & Reul
> 600 Vine Street, 9th Floor
> Cincinnati, OH 45202
> greul@fmr.law
> *Counsel for Jacob Patterson*
>
> PBJ Express, Inc.
> c/o Patrick Brown, Registered Agent
> 3090 Hickory Hill Way
> Loma Linda, MO 64804
> pbjexpressinc@gmail.com
> *Defendant*

> /s/ *Matthew J. Wiles*
> Matthew J. Wiles (0075455)

25449273.1                                      6

# FAX COVER SHEET

| TO | |
|---|---|
| COMPANY | |
| FAX NUMBER | 15137327050 |
| FROM | Matthew Wiles |
| DATE | 2022-11-11 18:05:00 GMT |
| RE | TQL v. Patterson - 2021 CVH 496 |

## COVER MESSAGE

TO: Clerk of Court, Clermont County Common Pleas Court

DATE: November 11, 2022

TOTAL PAGES: 7

CASE: *Total Quality Logistics, LLC v. Jacob Patterson*

CASE NO.: 2021 CVH 00496

JUDGE: Miles

DOCUMENT TO BE FILED: Motion to Consolidate

Please file the attached on behalf of Plaintiff Total Quality Logistics, LLC.

Thank you.

```
Failure of Service Notification
```

**Barbara Wiedenbein, Clerk of Courts**
**270 E. Main Street**
**Batavia, OH 45103**
**513-732-7140**
**www.clermontclerk.org**


Matthew J Wiles
Wiles Law, LLC
4737 Reed Road #326
Upper Arlington, OH 43220

Tracking No: 7 *112436946802830855*                    Date:    11/16/2022

Case No:
2022 CVH 00989    .        Total Quality Logistics LLC vs.  PBJ Express Inc        A


You are hereby notified that service was not perfected on:

Reason for Service:    Summons and Copy of Complaint
Recipient:             **PBJ Express Inc**
                       c/o Patrick Brown, Registered Agent
                       3090 Hickory Hill Way
                       Loma Linda, MO 64804

Reason for Failure:
  Unclaimed

Comment:
  **Return to sender, Unclaimed, Unable to forward**


By:_____RChase_____
                    Deputy Clerk


**PLEASE NOTE: SERVICE WILL NOT BE RE-ISSUED UNLESS THIS FORM IS RETURNED TO THE CLERK**

THE CLERK SHALL ISSUE AS NOTED BELOW:

( ) SHERIFF SERVICE  ( ) CERTIFIED MAIL   ( ) PROCESS SERVER  ( ) REGULAR US MAIL

SPECIAL INSTRUCTIONS: _____

_____ATTORNEY SIGNATURE

**\*\*PLEASE ATTACH TIME-STAMPED COPIES OF ALL PLEADINGS FOR SERVICE\*\***

## COURT OF COMMON PLEAS, CLERMONT COUNTY, OHIO
## SUMMONS

### Rule 4 1970 Ohio Rules of Civil Procedure

CASE NO: 2022 CVH 00989

**Total Quality Logistics LLC**
**4289 Ivy Pointe Boulevard**
**Cincinnati, OH 45245**

      VS.

**PBJ Express Inc**
**c/o Patrick Brown, Registered Agent**
**3090 Hickory Hill Way**
**Loma Linda, MO 64804**

*(stamp: BARBARA A. WIEDENBEIN, CLERK OF COMMON PLEAS, CLERMONT COUNTY, OH — 2022 OCT 18 PM 2: 43 — ISSUED)*

      You are hereby notified that a complaint has been filed against you in the Clermont County Court of Common Pleas, 270 E Main Street, Batavia, Ohio 45103, by the plaintiff(s) named herein. A copy of said complaint is attached to this summons.

      You are required to serve upon the plaintiff's attorney or upon the plaintiff(s) if he/she has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three days after service on Plaintiff's attorney.

      The name and address of the plaintiff's attorney is as follows:

            Matthew J Wiles (075455)
            4737 Reed Road #326
            Upper Arlington, Ohio 43220
            (614)300-5277

      If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

            BARBARA WIEDENBEIN, Clerk of Courts
            October 18, 2022
            By_____ Deputy Clerk

**Issued:**
Summons and Copy of Complaint, Certified mail; cv case; return receipt requested
7112436946802830855/921489011213600000000251496

CERTIFIED MAIL™

USPS CERTIFIED MAIL

9214 8901 1213 6000 0000 2514 96

BARBARA A. WIEDENBEIN
CLERMONT COUNTY
CLERK OF COURTS
270 E MAIN STREET
BATAVIA, OHIO 45103-3040
2022 CVH 00989
7112 4369 4680 2830 855 2

PBJ Express Inc
c/o Patrick Brown, Registered
Agent
3090 Hickory Hill Way
Loma Linda, MO 64804

Notified 9/23/22
7:27p
9/16

CINCINNATI OH 452
18 OCT 2022 PM 5 L

CLERK OF COMMON PLEAS
CLERMONT COUNTY, OH

FILED

2022 NOV 14 PM 2:34

NIXIE          641    DE 1                    0011/10/22

                RETURN TO SENDER
                UNCLAIMED
                UNABLE TO FORWARD

BC:  45103304099                   *1815-04176-18-39
     64804-888490

FILED

2022 NOV 29 AM 8: 32

BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS
CLERMONT COUNTY, OH

## IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

| | | |
|---|---|---|
| **TOTAL QUALITY LOGISTICS, LLC,** | : | |
| | : | **Case No.: 2021 CVH 00496** |
| Plaintiff, | : | |
| | : | **Judge Miles** |
| **v.** | : | |
| | : | |
| **JACOB MICHAEL PATTERSON,** | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| **TOTAL QUALITY LOGISTICS, LLC,** | : | |
| | : | **Case No.: 2022 CVH 00989** |
| Plaintiff, | : | |
| | : | **Judge Brock** |
| **v.** | : | |
| | : | |
| **PBJ EXPRESS, INC.,** | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF TOTAL QUALITY LOGISTICS, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE

Defendant Jacob Patterson's ("Patterson") opposition to the Motion to Consolidate is most notable in one way: he does not dispute that the standard for consolidation has been met. Nor does he contest that the standards for consolidation and amending the complaint are different, and that the basis for denying the latter is simply not relevant to the former. He nevertheless recycles the same argument that he made in opposition to that motion—that consolidation would somehow work upon him a level of prejudice that is intolerable.

1

*Cc: Judge*

Never mind that not consolidating the two actions will actually create more responsibilities for Patterson: he will be forced to go through discovery and trial of this case as a party, and will be forced to go through discovery and trial of the PBJ case, on the exact same issues, as a third party. Never mind that there is no schedule even set in this case yet that would be "delayed." Never mind that his proposed course of action, to force TQL to go through a third-party subpoena process in a state where that is notoriously difficult, is literally impossible to square with his oft-stated desire that the Court issue a fast-track schedule. And never mind that Patterson has indicated to TQL he is awash in new job opportunities and TQL has affirmatively stated that none of them conflict with his contractual obligations to TQL.

The remainder of Patterson's opposition is devoted essentially to a statement that the Court should deny consolidation for two reasons. Setting aside the obvious – that neither reason is part of the standard by which the motion must be adjudged – both are incorrect. First, Patterson offers the Court nothing but speculation that PBJ will attempt to remove the case filed against it to federal court. TQL surmises, in fact, given the duplication that would occur in the cases, that PBJ would likely prefer that the matters be consolidated. In any event, Patterson has no idea the course that PBJ would take, offers the Court no authority that a motion to consolidation must be delayed until any deadline for removal is reached, and does not dispute that PBJ would be fully entitled to bring whatever motion it wishes, in response to the Complaint or otherwise, *in the consolidated action*.

Perhaps because of his concession that the standard is met, Patterson's other reason for "opposing" the motion requires the Court do something it has no power to do: stay the PBJ action. Only the Court presiding over that matter has the power to do that. Also, it would make very little sense to do so anyway, since the same discovery is going to be conducted on the same

2

issues and a stay of that action would mean that PBJ would not even have the same rights as a party during the discovery process, to file a motion for summary judgment, or at trial. In short, Patterson proposes eliminating PBJ's rights *as a party* on issues that directly affect it.

TQL understands the Court's order denying the motion for leave to amend the Complaint. But consolidation is a different issue altogether, with a different standard, that Patterson *admits* has been met. There is simply no reason the two obviously related cases should not be litigated and tried together. Adding the PBJ case adds no substantive issues to this case, permits PBJ to directly participate as a party on issues that unquestionably affect its liability, and avoids the duplication of efforts and resources and the risk of inconsistent rulings that failing to consolidate would cause.

Respectfully Submitted,

*/s/ Matthew J. Wiles*
Matthew J. Wiles (0075455)
WILES LAW, LLC
4737 Reed Road #326
Upper Arlington, Ohio 43215
Telephone: 614-300-5277
E-mail: matt@wiles-law.com

*Counsel for Plaintiff Total Quality Logistics, LLC*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served

this **29th** day of November, 2022 via electronic mail upon:

Peter A. Patterson, Esq.
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
ppatterson@cooperkirk.com
*Counsel for Jacob Patterson*

George M. Reul, Jr., Esq.
Freking Myers & Reul
600 Vine Street, 9th Floor
Cincinnati, OH 45202
greul@fmr.law
*Counsel for Jacob Patterson*

PBJ Express, Inc.
c/o Patrick Brown, Registered Agent
3090 Hickory Hill Way
Loma Linda, MO 64804
pbjexpressinc@gmail.com
*Defendant*

_/s/ Matthew J. Wiles_____
Matthew J. Wiles (0075455)

25449273.1

4

# FAX COVER SHEET

| TO | |
|---|---|
| COMPANY | |
| FAX NUMBER | 15137327050 |
| FROM | Matthew Wiles |
| DATE | 2022-11-29 05:23:00 GMT |
| RE | TQL v. Patterson - 2021 CVH 496 |

## COVER MESSAGE

TO: Clerk of Court, Clermont County Common Pleas Court

DATE: November 29, 2022

TOTAL PAGES: 5

CASE: *Total Quality Logistics, LLC v. Jacob Patterson*

CASE NO.: 2021 CVH 00496

JUDGE: Miles

DOCUMENT TO BE FILED: Reply Brief in Support of Motion to Consolidate

Please file the attached on behalf of Plaintiff Total Quality Logistics, LLC.

Thank you.

FILED

## IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

2022 DEC 12 PM 2: 00

BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS COURT
CLERMONT COUNTY, OH

**TOTAL QUALITY LOGISTICS, LLC**
4289 Ivy Pointe Blvd
Cincinnati, Ohio 45245,

          Plaintiff,

vs.

**PBJ EXPRESS, INC.,**
4664 E. 7th Street
Joplin, MO 64801

          Defendant.

Case No. 2022 CVH 989

Judge Brock

## <u>AMENDED PRAECIPE FOR SERVICE</u>

      TO THE CLERK:  Please serve Defendant with summons and a copy of this

Complaint by certified mail, at the address listed above.

          Respectfully submitted,

          */s/ Matthew J. Wiles*
          Matthew J. Wiles (075455)
          WILES LAW, LLC
          4737 Reed Road #326
          Upper Arlington, OH 43220
          (614) 300-5277
          matt@wiles-law.com

          *Attorney for Plaintiffs*

1

# FAX COVER SHEET

| TO | |
|---|---|
| COMPANY | |
| FAX NUMBER | 15137327050 |
| FROM | Matthew Wiles |
| DATE | 2022-12-12 15:35:12 GMT |
| RE | Total Quality Logistics, LLC v. PBJ Express - 2022 CVH 989 |

## COVER MESSAGE

TO: Clerk of Court, Clermont County Common Pleas Court

DATE: December 12, 2022

TOTAL PAGES: 2 (including this cover page)

CASE: *Total Quality Logistics, LLC v. PBJ Express, Inc.*

CASE NO.: 2022 CVH 00989

JUDGE: Brock

DOCUMENT TO BE FILED: Amended Praecipe for Service of Process

Please file the attached on behalf of Plaintiff Total Quality Logistics, LLC.

Thank you.

## COURT OF COMMON PLEAS, CLERMONT COUNTY, OHIO
## ALIAS SUMMONS ON COMPLAINT
#### RULE 4 1970 OHIO RULES OF CIVIL PROCEDURE

Case Number: **2022 CVH 00989**

Total Quality Logistics LLC
4289 Ivy Pointe Boulevard
Cincinnati, OH 45245
    Plaintiff

    vs.

PBJ Express Inc
4664 E 7th Street
Joplin, MO 64801

To the within named Defendant:

    You are hereby notified that a complaint has been filed against you in the Clermont County Court of Common Pleas, 270 Main Street, Batavia, Ohio 45103, by the plaintiff(s) named herein. A copy of said complaint is attached to this summons.

    You are required to serve upon the Plaintiff(s) attorney, or upon the Plaintiff if he has no attorney of record, a copy of your answer to the complaint with 28 days after service of this summons upon you, exclusive of the day of service on Plaintiff's attorney answer must be filed with this court at 270 Main Street, Batavia, Ohio 45103 within 3 days after service on Plaintiff's attorney.

    The name and address of the Plaintiff's attorney is as follows:

        Matthew J Wiles
        Wiles Law, LLC
        4737 Reed Road #326
        Upper Arlington, OH 43220

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Given under my hand and seal of said court, this 12/13/2022

Barbara Wiedenbein, Clerk of Courts

By:_____
        Deputy Clerk

(Rule 4 1970 Ohio Rules of Civil Procedure)

Issued:
**Alias Summons on Complaint**
**Certified mail; cv case; return receipt requested**
**TRACKING #7112436946802831434/USPS 9214 8901 1213 6000 0000 2601 39**
Sumalias.word

# RETURN

Received this summons on the _____ day of _____, 20___

at _____o'clock and pursuant to its command, I made personal service

upon the defendant on the _____ day of _____, 20___.


I was unable to serve a copy of the summons upon the defendant for the

following reasons:_____

_____


By:_____
       Sheriff / Process Server



**Sheriff's Fees**

Service and return _____

Mileage _____ @ _____

**TOTAL**            _____

Issued:
Alias Summons on Complaint
Certified mail; cv case; return receipt requested
TRACKING #7112436946802831434
Sumalias.word

### CLERMONT COUNTY
### COURT OF COMMON PLEAS
### OFFICE OF ASSIGNMENT COMMISSION
### 270 E. MAIN STREET
### BATAVIA, OHIO 45103
(513) 732-7108 OFFICE     (513) 732-7390 FAX

**FILED**

2022 DEC 16 PM 12: 06

BARBARA A. WIEDERHOLT
CLERK OF COMMON PLEAS
CLERMONT COUNTY, OH

To:   File Copy

Total Quality Logistics LLC
      **PLAINTIFF**

              VS.

PBJ Express Inc
      **DEFENDANT**

DATE:       December 15, 2022
CASE NO:   2022 CVH 00989

**NOTICE OF
HEARING**

*YOU ARE HEREBY NOTIFIED THAT THE ABOVE CASE IS SET FOR*:

Friday, January 20, 2023 at 8:30 am for Status Conference before
Judge Anthony W Brock.  *Telephone report is acceptable.

***Parties are to conference together first and then call court at the
designated time at 513-732-7378.***

**If you are unable to get through to the Court immediately, please do not
leave a voicemail message.  The Court will have multiple conferences
calls scheduled and only a certain number of phone lines available.  If
you choose to leave a voicemail, you must call back within a few minutes
to get in queue with the bailiff.**

**NOTICE MAILED TO:**

PBJ Express Inc
4664 E 7th Street
Joplin, MO  64801

Matthew J Wiles

Failure of Service Notification

**Barbara Wiedenbein, Clerk of Courts**
**270 E. Main Street**
**Batavia, OH 45103**
**513-732-7140**
**www.clermontclerk.org**

Matthew J Wiles
Wiles Law, LLC
4737 Reed Road #326
Upper Arlington, OH 43220

Tracking No: 7 *112436946802831434*

Date: 01/19/2023

Case No:
2022 CVH 00989     Total Quality Logistics LLC vs. PBJ Express Inc     A

You are hereby notified that service was not perfected on:

Reason for Service:     Alias Summons on Complaint
Recipient:     **PBJ Express Inc**
4664 E 7th Street
Joplin, MO 64801

Reason for Failure:
Unclaimed

Comment:
**Return to sender, Unclaimed, Unable to forward**

By: _____
Deputy Clerk

PLEASE NOTE: SERVICE WILL NOT BE RE-ISSUED UNLESS THIS FORM IS RETURNED TO THE CLERK

THE CLERK SHALL ISSUE AS NOTED BELOW:

( ) SHERIFF SERVICE  ( ) CERTIFIED MAIL   ( ) PROCESS SERVER   ( ) REGULAR US MAIL

SPECIAL INSTRUCTIONS: _____

_____
ATTORNEY SIGNATURE

**\*\*PLEASE ATTACH TIME-STAMPED COPIES OF ALL PLEADINGS FOR SERVICE\*\***

## COURT OF COMMON PLEAS, CLERMONT COUNTY, OHIO
## ALIAS SUMMONS ON COMPLAINT
RULE 4 1970 OHIO RULES OF CIVIL PROCEDURE

Case Number: **2022 CVH 00989**

Total Quality Logistics LLC
4289 Ivy Pointe Boulevard
Cincinnati, OH 45245
    Plaintiff

vs.

PBJ Express Inc
4664 E 7th Street
Joplin, MO 64801

To the within named Defendant:

    You are hereby notified that a complaint has been filed against you in the Clermont County Court of Common Pleas, 270 Main Street, Batavia, Ohio 45103, by the plaintiff(s) named herein. A copy of said complaint is attached to this summons.

    You are required to serve upon the Plaintiff(s) attorney, or upon the Plaintiff if he has no attorney of record, a copy of your answer to the complaint with 28 days after service of this summons upon you, exclusive of the day of service on Plaintiff's attorney answer must be filed with this court at 270 Main Street, Batavia, Ohio 45103 within 3 days after service on Plaintiff's attorney.

    The name and address of the Plaintiff's attorney is as follows:

        Matthew J Wiles
        Wiles Law, LLC
        4737 Reed Road #326
        Upper Arlington, OH 43220

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Given under my hand and seal of said court, this 12/13/2022

Barbara Wiedenbein, Clerk of Courts

By:_____
    Deputy Clerk

(Rule 4 1970 Ohio Rules of Civil Procedure)

**Issued:**
**Alias Summons on Complaint**
**Certified mail; cv case; return receipt requested**
**TRACKING #7112436946802831434/USPS 9214 8901 1213 6000 0000 2601 39**
Sumalias.word

FIRST CLASS MAIL

$006.81

COMMON PLEAS COURT
FILED

JAN 19 2023

BARBARA A. WIEDENBEIN
CLERK
CLERMONT COUNTY, OH

7261/14/23

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

NIXIE    641  5E  1

BC:  45103304099    *7160-05998-14-13

CERTIFIED MAIL

USPS CERTIFIED MAIL

9214 8901 1213 6000 0000 2601 39

BARBARA A. WIEDENBEIN
CLERMONT COUNTY
CLERK OF COURTS
270 E MAIN STREET
BATAVIA, OHIO 45103-3040
2022 CVH 00989
7112 4369 4680 2831 434 8

PBJ Express Inc
4664 E 7th Street
Joplin, MO 64801

### CLERMONT COUNTY
### COURT OF COMMON PLEAS
### OFFICE OF ASSIGNMENT COMMISSION
### 270 E. MAIN STREET
### BATAVIA, OHIO 45103
(513) 732-7108 OFFICE     (513) 732-7390 FAX



To:    File Copy

Total Quality Logistics LLC
      **PLAINTIFF**             DATE:    January 20, 2023
                                      CASE NO:  2022 CVH 00989

      VS.

PBJ Express Inc
      **DEFENDANT**                        **NOTICE OF**
                                            **HEARING**

*YOU ARE HEREBY NOTIFIED THAT THE ABOVE CASE IS SET FOR*:

Tuesday, March 21, 2023 at 8:45 am for Status Conference before
Judge Anthony W Brock.  *Telephone report is acceptable.

***Parties are to conference together first and then call court at the
designated time at 513-732-7378.***

**If you are unable to get through to the Court immediately, please do not
leave a voicemail message.  The Court will have multiple conferences
calls scheduled and only a certain number of phone lines available.  If
you choose to leave a voicemail, you must call back within a few minutes
to get in queue with the bailiff.**

**NOTICE MAILED TO:**

PBJ Express Inc
4664 E 7th Street
Joplin, MO  64801

Matthew J Wiles

# IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

_TQL, LLC_ ,                          :        Case No. _2022 CVH 00989_
       Plaintiff,                   :

    -vs-                              :        **ENTRY OF CONTINUANCE**
                                            _Civil_
_PBJ Express, Ink_ ,                  :
       Defendant.                   :
                                :

The _(plaintiff/plaintiff's counsel)_ was _(present/not present)_ and/or _(defendant/defendant's counsel)_ was _(present/not present)_ in Court on this _20th_ day of _January_ , 2023, for the purpose of _status conference_ .

Based upon the following:

| | |
|---|---|
| ✓ | Plaintiff/plaintiff's counsel requested a continuance, |
| _____ | Defendant/defendant's counsel requested a continuance, |
| _____ | Trial dates or Motion hearing set, |
| _____ | By agreement of both parties, |
| _____ | Other (specify) _____ , |

_for service_ _____

_____

_____

_____

this matter is hereby continued to the _2/24_ day of _March_ , 20 _23_ , at _8:45_ ĄM. for _status conference_ .

                                           Anthony W. Brock, Judge

PRESENT:

_Matt Wiles_
Plaintiff's Attorney/Plaintiff

_____
Defendant's Attorney/Defendant

FILED
2023 JAN 20 PM 1: 55
BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS
CLERMONT COUNTY, OH

# IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

2023 JAN 20 P 12: 51

BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS
CLERMONT COUNTY, OH

**TOTAL QUALITY LOGISTICS, LLC**
4289 Ivy Pointe Blvd
Cincinnati, Ohio 45245,

Case No. 2022 CVH 989

Judge Brock

      Plaintiff,

vs.

**PBJ EXPRESS, INC.,**
c/o B L Reever Transport, Inc.,
Registered Agent for Service of Process
1504 Reynolds Road
Maumee, Ohio 43534

      Defendant.

## SECOND AMENDED PRAECIPE FOR SERVICE

    TO THE CLERK:  Please serve Defendant with summons and a copy of this

Complaint by certified mail at the address listed above.

                         Respectfully submitted,

                         */s/ Matthew J. Wiles*
                         Matthew J. Wiles (075455)
                         WILES LAW, LLC
                         4737 Reed Road #326
                         Upper Arlington, OH 43220
                         (614) 300-5277
                         matt@wiles-law.com

                         *Attorney for Plaintiffs*

1

## COURT OF COMMON PLEAS, CLERMONT COUNTY, OHIO
## ALIAS SUMMONS ON COMPLAINT
### RULE 4 1970 OHIO RULES OF CIVIL PROCEDURE

Case Number: **2022 CVH 00989**

Total Quality Logistics LLC
4289 Ivy Pointe Boulevard
Cincinnati, OH 45245
    Plaintiff

       vs.

PBJ Express Inc
c/o BL Reever Trans Inc
1504 Reynolds Rd
Maumee, OH 43534

To the within named Defendant:

    You are hereby notified that a complaint has been filed against you in the Clermont County Court of Common Pleas, 270 Main Street, Batavia, Ohio 45103, by the plaintiff(s) named herein. A copy of said complaint is attached to this summons.

    You are required to serve upon the Plaintiff(s) attorney, or upon the Plaintiff if he has no attorney of record, a copy of your answer to the complaint with 28 days after service of this summons upon you, exclusive of the day of service on Plaintiff's attorney answer must be filed with this court at 270 Main Street, Batavia, Ohio 45103 within 3 days after service on Plaintiff's attorney.

    The name and address of the Plaintiff's attorney is as follows:

        Matthew J Wiles
        Wiles Law, LLC
        4737 Reed Road #326
        Upper Arlington, OH 43220

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Given under my hand and seal of said court, this 1/23/2023

Barbara Wiedenbein, Clerk of Courts

By:_____
      Deputy Clerk

(Rule 4 1970 Ohio Rules of Civil Procedure)

**Issued:**
**Alias Summons on Complaint**
**Certified mail; cv case; return receipt requested**
**TRACKING #7112436946802831939/ USPS 9214 8901 1213 6000 0000 2666 67**
Sumalias.word

# RETURN

Received this summons on the _____ day of _____, 20___

at _____o'clock and pursuant to its command, I made personal service

upon the defendant on the _____ day of _____, 20__.

I was unable to serve a copy of the summons upon the defendant for the

following reasons:_____

_____

By:_____

Sheriff / Process Server

**Sheriff's Fees**

Service and return _____

Mileage _____ @ _____

**TOTAL**            _____

Issued:
Alias Summons on Complaint
Certified mail; cv case; return receipt requested
TRACKING #7112436946802831939
Sumalias.word

 **UNITED STATES POSTAL SERVICE**

FILED

2023 JAN 31 A 8:10

BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS
CLERMONT COUNTY, OH

Date Produced: 01/30/2023

CLERMONT COUNTY COMMON PLEAS:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1213 6000 0000 2666 67. Our records indicate that this item was delivered on 01/26/2023 at 09:49 a.m. in MAUMEE, OH 43537. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

PBJ EXPRESS INC
C/O BL REEVER TRANS INC
1504 REYNOLDS RD
MAUMEE, OH 43534

Customer Reference Number:        C3940408.23505549

Return Reference Number         2022 CVH 00989/7112 4369 4680 2831 939 8